# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

_____ :
                                    :

TWIN CITY FIRE INSURANCE COMPANY,   :
                                    :      Civil Action No.  23-cv-4151

                Plaintiff,        :

                                      :      **COMPLAINT FOR**

       v.                               :      **DECLARATORY JUDGMENT**

                                      :

FARM KING SUPPLY, LLC,                 :
                                        :

               Defendant.       :

                                      :
_____ :

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, TWIN CITY FIRE INSURANCE COMPANY ("Twin City"), by and through its attorneys, Michael J. Duffy and Michael J. O'Malley of Wilson Elser Moskowitz Edelman & Dicker LLP, for its Declaratory Judgment Complaint against FARM KING SUPPLY, LLC. ("Farm King"), states as follows:

## STATEMENT OF THE CASE

1.      This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Twin City owes no insurance coverage obligations to Farm King for the claims raised in the putative class action lawsuit styled: *David Coleman, individually and on behalf of all similarly situated individuals, v. Farm King Supply, LLC*, Case No. 2022LS00002, filed in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois (the "Underlying Action"). A copy of the Class Action Complaint filed in the Underlying Action is attached hereto as "**Exhibit A**."

## PARTIES

2.      Twin City is an insurance company incorporated under the laws of the State of Indiana with its principal place of business at One Hartford Plaza, Hartford, Connecticut.

3. Farm King is an Illinois limited liability company with its principal place of business in Macomb, Illinois.

4. Based on a diligent pre-filing investigation, it is alleged upon information and belief that the sole member of Farm King is FKS Enterprises, Inc.

5. FKS Enterprises, Inc. is a Delaware corporation with its principal place of business in Macomb, Illinois.

6. Upon information and belief, no member of Farm King is a citizen of Indiana or Connecticut.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, Twin City is a citizen of Connecticut and Indiana, and Farm King is a citizen of Illinois and Delaware.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Farm King's principal place of business is located within the geographical boundaries of this District, the Underlying Action is pending in the geographical boundaries of this District, and this coverage dispute concerns insurance coverage for an insurance policy issued within the geographical boundaries of this District.

## FACTS

A. *THE UNDERLYING ACTION*

9. On February 28, 2022, David Coleman ("Underlying Plaintiff") commenced the Underlying Action against Farm King alleging violations of the Illinois Biometric Information Privacy Act, codified as 740 ILCS/14 and Public Act 095-994 ("BIPA"). *See* Ex. A.

2

10.    Underlying Plaintiff alleges he and the other putative class members were employees of Farm King and starting in 2016, Farm King implemented biometric scanning and time-tracking devices as well as technology to track and manage workers' time on the job. *See* Ex. A.

11.    The Underlying Action alleges Farm King's devices collected workers' biometric identifiers such as fingerprints and converted them to an electronic format derived from those identifiers. *See* Ex. A.

12.    Underlying Plaintiff claims he and other employees were required to use a biometric clock system to scan their fingerprints to record their time worked. *See* Ex. A.

13.    Farm King allegedly violated BIPA by, among other things, collecting, capturing, possessing, and disseminating biometric identifiers or information without first informing the putative class members, failing to obtain written consent from the putative class members, failed to inform putative class members in writing the specific length of time their biometrics were being captured collected, stored, and used, and failing to make publicly available any written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics. *See* Ex. A.

14.    The Underlying Complaint defines the putative class as: "All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period." *See* Ex. A.

15.    Underlying Plaintiff alleges a single cause of action against Farm King: Count I-Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq. See* Ex. A.

3

**B.**   ***THE POLICY***

16.     Twin City issued to Farm King a Private Choice Premier Policy, bearing policy number 83 KB 0416825-22, effective January 1, 2022 to January 1, 2023, which, subject to its terms, provides certain claims-made Employment Practices Liability Coverage ("EPL") with a limit of $2,000,000 (the "Policy").

17.     A true and correct copy of the Policy is attached as "**Exhibit B**."

18.     The EPL Coverage Part, Form PP 00 H400 00 0615, states, in part:

*I.*      *INSURING AGREEMENTS*

    *(A)*     *Employment Practices Liability*

        *The Insurer shall pay **Loss** on behalf of the **Insureds** resulting from an **Employment Practices Claim** first made against the **Insureds** during the **Policy Period** or Extended Reporting Period, if applicable, for an **Employment Practices Wrongful Act** by the **Insureds**.*

    *(B)*     *Third Party Liability (Elective)*

        *If Third Party Liability Coverage is included in ITEM 5 of the Declarations, the Insurer shall pay **Loss** on behalf of the **Insureds** resulting from a **Third Party Claim** first made against the Insureds during the **Policy Period** or the Extended Reporting Period, if applicable, for a **Third Party Wrongful Act** by the Insureds. . .*

See Ex. B.

19.     The EPL Coverage Part, Form PP 00 H400 00 0615, also provides the following Definitions:

*II.*     *DEFINITIONS*

- *"**Damages**" means the amounts, other than **Defense Costs**, that the Insureds are legally liable to pay solely as a result of a **Claim** covered by this **Liability Coverage Part**, including:*

    *(1)     compensatory damages, including front pay and back pay award;*
    *(2)     settlement amounts;*
    *(3)     pre- and post-judgment interest;*

(4)     *costs awarded pursuant to judgments, including any **Training Costs** provided, however, that coverage for **Training Costs** is conditioned upon such Loss being subject to the Training Costs Sub-limit specified in ITEM 5 of the Declarations, said Training Costs Sub-Limit being part of, and not in addition to, the Aggregate Limit of Liability for this **Liability Coverage Part**;*

(5)     *punitive and exemplary damages;*

(6)     *the multiple portion of any multiplied damage award; or*

(7)     *liquidated damages under the Age Discrimination in Employment Act, the Family and Medical Leave Act and the Equal Pay Act.*

*However, **Damages** shall not include:*

(a)     *taxes, fines or penalties imposed by law;*

(b)     *non-monetary relief;*

(c)     ***Benefits**;*

(d)     *future compensation for any person hired, promoted, or reinstated pursuant to a judgment, settlement, order or other resolution of a **Claim**;*

(e)     ***Stock Benefits**;*

(f)     *costs associated with providing any accommodations required by the Americans with Disabilities Act or any similar law; (other than **Training Costs**); or*

(g)     *any other matters uninsurable pursuant to any applicable law; provided, however, that with respect to punitive and exemplary damages, or the multiple portion of any multiplied damage award, the insurability of such damages shall be governed by the internal laws of any applicable jurisdiction that most favors coverage of such damages.*

*With respect to the insurability of punitive or exemplary damages in the state of Illinois, **Damages** does not include coverage for punitive or exemplary damages assessed as a result of the **Insured's** own misconduct. However, the Insurer shall pay **Defense Costs** for punitive and/or exemplary damages, which are incurred solely as a result of a **Claim** involving both (i) punitive and/or exemplary damages and (ii) compensatory damages.[1]*

\* \* \*

- *"**Employment Practices Claim**" means any of the following if made by or on behalf of an **Employee**, an applicant for employment with an **Insured Entity**, or an **Independent Contractor**:*

    (1)     *a written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand, including, without limitation, a written demand for employment reinstatement;*

---

[1] The final paragraph in the definition of Damages is added by the Illinois Changes (Employment Practices Liability Coverage Part) Endorsement, Form PP 12 H098 00 0218.

    (2)    *a civil proceeding, including an arbitration or other alternative dispute resolution proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading;*

    (3)    *a formal administrative or regulatory proceeding, including, without limitation, a proceeding before the Equal Employment Opportunity Commission or similar governmental agency, commenced by the Insured's receipt of a notice of charges, formal investigative order or similar document, or by the Insured's having evidence of a filing related thereto; or*

    (4)    *a criminal proceeding commenced by the return of an indictment or similar document.*

***Employment Practices Claim*** *also means:*

    (a)    *the receipt of a notice of violation, order to show cause, or a written demand for monetary or injunctive relief that is the result of an audit conducted by the U.S. Office of Federal Contract Compliance Programs.*

    (b)    *a written request to the Insureds to toll or waive a statute of limitations regarding a potential* ***Employment Practices Claim*** *as described above. Such Claim shall be commenced by the receipt of such request.*

*However,* ***Employment Practices Claim*** *shall not include any labor or grievance proceeding or arbitration that is subject to a collective bargaining agreement.*

- *"**Employment Practices Wrongful Act**" means any:*

    (1)    *wrongful dismissal, discharge, or termination of employment (including constructive dismissal, discharge, or termination), wrongful failure or refusal to employ or promote, wrongful discipline or demotion, failure to grant tenure, negligent employment evaluation, or wrongful deprivation of career opportunity;*

    (2)    *sexual or other workplace harassment, including bullying in the workplace, quid pro quo and hostile work environment;*

    (3)    *employment discrimination, including discrimination based upon age, gender, race, color, national origin, religion, creed, marital status, sexual orientation or preference, gender identity or expression, genetic makeup, or refusal to submit to genetic makeup testing, pregnancy, disability, HIV or other health status, Vietnam Era Veteran or other military status, or other protected status established under federal, state, or local law, including any such discrimination as a result of disparate treatment;*

    (4)    ***Retaliation;***

    (5)    *breach of any oral, written, or implied employment contract, including, without limitation, any obligation arising from a personnel manual, employee handbook, or policy statement;*

    (6)    *employment-related defamation (including libel and slander) or misrepresentation;*

6

(7)     employment-related violation of the Age Discrimination in Employment Act, the Family and Medical Leave Act and the Equal Pay Act; or

(8)     violation of the Uniformed Services Employment and Reemployment Rights Act.

**Employment Practices Wrongful Act** also means the following, but only when alleged in addition to or as part of any **Employment Practices Wrongful Act** described above:

(a)     an employment-related wrongful infliction of mental anguish or emotional distress;

(b)     the failure to create, provide for or enforce adequate or consistent employment-related policies and procedures;

(c)     the negligent retention, supervision, hiring or training of Employees or Independent Contractors;

(d)     employment-related: false arrest or imprisonment;

(e)     an employment-related invasion of privacy, including, without limitation, an Employee Data Privacy Wrongful Act; or

(f)     the breach of an Independent Contractor Agreement.

\* \* \*

- "**Third Party**" means any natural person who is a customer, vendor, service provider or other business invitee of an **Insured Entity**. **Third Party** shall not include **Employees**.

- "**Third Party Claim**" means any of the following made by or on behalf of a **Third Party**:

    (1)     a written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand;

    (2)     a civil proceeding, including an arbitration or other alternative dispute resolution proceeding, commenced by the service of a complaint, filing of a demand for arbitration, or similar pleading; or

    (3)     formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document;

    **Third Party Claim** also means a written request to the **Insureds** to toll or waive a statute of limitations regarding a potential **Third Party Claim** as described above. Such **Claim** shall be commenced by the receipt of such request.

- "**Third Party Wrongful Act**" means:

    (1)     discrimination against a **Third Party** based upon age, gender, race, color, national origin, religion, creed, marital status, sexual orientation or

7

> *preference, pregnancy, disability, HIV or other health status, Vietnam Era Veteran or other military status, or other protected status established under federal, state or local law; or*
>
> *(2)    sexual harassment or other harassment of a **Third Party**, including unwelcome sexual advances, requests for sexual favors or other conduct of a sexual nature.*

See Ex. B.

20.    The Policy also contains an endorsement entitled Amend Defense and Settlement Endorsement – Within Retention (Common Terms and Conditions), Form PP 00 H112 00 0517, which amends the **Common Terms and Conditions**, Section **VII, Defense and Settlement, (C),** and states:

> *(C)    The **Insureds** shall not admit or assume any liability, make any settlement offer or enter into any settlement agreement, stipulate to any judgment, or incur any **Defense Costs** regarding any **Claim** without the prior written consent of the Insurer, such consent not to be unreasonably withheld. However, the **Insureds** may, without the consent of the Insurer, enter into a complete and final settlement agreement of a **Claim** in which the total of the **Damages** and the **Defense Costs** does not exceed the applicable retention. The Insurer shall have no obligation to pay either **Damages** or **Defense Costs** incurred in the defense or settlement of the **Claim**. The Insurer shall not be liable for any admission, assumption, settlement offer or agreement, stipulation, or **Defense Costs** to which it has not consented.*

*See* Ex. B.

21.    The Policy also contains the following endorsement, Form PP 00 H446 00 0920:

> ***BIOMETRIC PRIVACY CLAIM EXCLUSION ENDORSEMENT (EMPLOYMENT PRACTICES LIABILITY COVERAGE PART)***
>
> *This endorsement modifies insurance provided under the following:*
>
> ***PRIVATE CHOICE PREMIER<sup>SM</sup> POLICY***

> ***PRIVATE CHOICE PREMIER$^{SM}$ POLICY***
>
> *Section **III. EXCLUSIONS APPLICABLE TO ALL INSURING AGREEMENTS, (A),***
>
> *is amended by the addition of the following:*

8

- *in connection with any **Claim** based upon, arising from or in any way related to any actual or alleged violation of any foreign or United States federal, state, or local law, (including, without limitation, the Illinois Biometric Information Privacy Act), or any portion of a privacy policy, to the extent such law or policy governs the collection (including, without limitation, issues of consent), use, safeguarding, handling, storage, retention, or destruction of biometric identifiers, biometric data (including, without limitation, any retina scan, iris scan, fingerprint, voice print, hand scan and face geometry) or any other biometric information.*

*All other terms and conditions remain unchanged.*

*See* Ex. B.

**C.**    *TENDER AND ACTUAL CONTROVERSY*

22.    On or about December 30, 2022, Farm King tendered the Underlying Action to Twin City seeking defense and indemnity under the Policy.

23.    On January 3, 2023, Twin City denied coverage for the Underlying Action, asked Farm King to withdraw the tender, and advised if the tender was not withdrawn, Twin City would file a declaratory judgment action. A copy of the January 3, 2023 correspondence is attached as "**Exhibit C**."

24.    Farm King has not withdrawn the tender.

25.    Twin City denies that it owes Farm King any defense or indemnity obligation under the Policy.

26.    An actual justiciable controversy exists between Twin City and Farm King as to the availability of insurance coverage to Farm King under the Policy. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

9

286022657v.2

## COUNT I
## No Coverage Under Insuring Agreements (A) Employment Practices Liability or (B) Third Party Liability

27.     Twin City incorporates and restates the allegations of Paragraphs 1 through 26 above as if fully set forth herein.

28.     The claims in the Underlying Action do not allege an **Employment Practices Wrongful Act**, as that term is defined, insofar as they do not fall within the enumerated categories of claims in that definition.

29.     The claims in the Underlying Action do not allege a **Third Party Claim**, as the term is defined, because the term **Third Party** does not include **Employees**, and the claims are asserted by the Underlying Plaintiff, who is a former **Employee** of King Farm.

30.     The claims in the Underlying Action also do not allege a **Third Party Wrongful Act**, as that term is defined, insofar as they do not fall within the enumerated categories of claims in that definition.

31.     As such, Twin City owes no coverage to Farm King for the claims in the Underlying Action.

WHEREFORE, Plaintiff Twin City prays this Court enter the following relief:

A.      A declaration finding Twin City owes no duty to defend or indemnify Farm King for the claims against it in the Underlying Action under the Policy; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT II
## Biometric Privacy Claim Exclusion Endorsement

32.     Twin City incorporates and restates the allegations of Paragraphs 1 through 26 above as if fully set forth herein.

10

33.     The Biometric Privacy Claim Exclusion Endorsement, Form PP 00 H446 00 0920, excludes coverage "*in connection with any **Claim** based upon, arising from or in any way related to any actual or alleged violation of any foreign or United States federal, state, or local law, (including, without limitation, the Illinois Biometric Information Privacy Act), or any portion of a privacy policy, to the extent such law or policy governs the collection (including, without limitation, issues of consent), use, safeguarding, handling, storage, retention, or destruction of biometric identifiers, biometric data (including, without limitation, any retina scan, iris scan, fingerprint, voice print, hand scan and face geometry) or any other biometric information*."

34.     The Underlying Action seeks damages for alleged violations of BIPA, which are expressly excluded from coverage.

35.     As such, Twin City owes no coverage to Farm King for the claims in the Underlying Action.

WHEREFORE, Plaintiff Twin City prays this Court enter the following relief:

A.     A declaration finding Twin City owes no duty to defend or indemnify Farm King for the claims against it in the Underlying Action under the Policy; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT III
### Definition of Damages Does Not Include Fines or Penalties

36.     Twin City incorporates and restates the allegations of Paragraphs 1 through 26 above as if fully set forth herein.

37.     The definition of "damages" in the Policy does not include fines, penalties, sanctions, or non-monetary relief.

11

38.     To the extent the sums sought in the Underlying Action are fines, penalties, or sanctions, coverage is not afforded.

39.     The Underlying Action also seeks an injunction, which is non-monetary relief and therefore not covered.

WHEREFORE, Plaintiff Twin City prays this Court enter the following relief:

A.     A declaration finding Twin City owes no duty to defend or indemnify Farm King for the claims against it in the Underlying Action under the Policy; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT IV**
**No Consent to Damages or Defense Costs**

40.     Twin City incorporates and restates the allegations of Paragraphs 1 through 26 above as if fully set forth herein.

41.     The Amend Defense and Settlement Endorsement – Within Retention (Common Terms and Conditions), Form PP 00 H112 00 0517, provides Twin City shall not be liable for any admission, assumption, settlement offer or agreement, stipulation, or **Defense Costs** to which it has not consented.

42.     Twin City has not consented to any admission, assumption, settlement offer or agreement, stipulation, or **Defense Costs.**

43.     As such, to the extent any **Defense Costs** have been incurred or settlements have been reached, they would not be covered for this independent reason as well.

WHEREFORE, Plaintiff Twin City prays this Court enter the following relief:

A.     A declaration finding Twin City owes no duty to defend or indemnify Farm King for the claims against it in the Underlying Action under the Policy; and

12

B.      For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: /s/ Michael J. Duffy
      Counsel for Twin City Insurance
      Company

Michael J. Duffy
Michael J. O'Malley
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
(312) 704-0550
Michael.Duffy@wilsonelser.com
Michael.O'Malley@wilsonelser.com

13

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on September 12, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                     By:              /s/ *Nicole Born*
                           Counsel for Twin City Fire Insurance Company

14